# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD GLOSPIE,
                     Appellant,

          v.

DEPARTMENT OF HOMELAND
    SECURITY,
                     Agency.

DOCKET NUMBER
NY-3443-16-0121-I-1

DATE: July 28, 2016

## THIS ORDER IS NONPRECEDENTIAL[1]

Edward Glospie, North Arlington, New Jersey, pro se.

Lisa Lucas Kepple, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. For the reasons discussed below, we DENY the petition for review concerning the appellant's Veterans Employment Opportunities Act of 1998 (VEOA) claim and AFFIRM the initial decision's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

dismissal of that claim for lack of jurisdiction. We GRANT the petition for review under 5 C.F.R. § 1201.115 concerning the appellant's employment practices claim and REMAND it for adjudication in accordance with this Order.

¶2        The agency advertised for a number of GS-1811-07/09 Criminal Investigator positions at various geographic locations under vacancy announcement DAL-INV-1466102-DEU-TY. Initial Appeal File (IAF), Tab 8 at 12-17. The announcement was open to all U.S. citizens. *Id.* at 12. The appellant, a 5-point preference-eligible veteran, applied for the vacancy by completing the Occupational Questionnaire, *id.* at 20-43, and submitting appropriate documentation. He was subsequently notified that he had received a rating of 92 at the GS-7 level, less than the 95 needed, and that he lacked the minimum education and/or experience at the GS-9 level. *Id.* at 18.

¶3        The appellant filed a Board appeal in which he alleged that the agency failed to apply his veterans' preference. IAF, Tab 1 at 3, 5. He also alleged that the agency "illegally utilized an OPM hiring practice . . . ." *Id.* at 5. After acknowledging the appeal, IAF, Tab 2, the administrative judge issued an order explaining the limited bases under which the Board may consider an appeal of a nonselection, including when the applicant claims that the agency's decision violated his veterans' preference rights. IAF, Tab 4. In a subsequent order, the administrative judge informed the appellant of what is required to establish Board jurisdiction over a VEOA appeal, including, among other things, a showing that he exhausted his administrative remedy before the Department of Labor (DOL). IAF, Tab 5. In response, the appellant submitted proof of his military service, IAF, Tab 7 at 8, and he referred to the agency's questionnaire, describing it as "prejudicial," *id.* at 5. The appellant also moved to amend the proceedings to name the Office of Personnel Management (OPM) as a party, *id.* at 15-16, submitting a "complaint" naming both the agency and OPM as parties and claiming that OPM developed and implemented regulations pertaining to the competitive service hiring procedures that prejudice and discriminate against

veterans as to the assessment of their knowledge, skills, and abilities. *Id.* at 30. The agency moved for the dismissal of the appellant's VEOA appeal for lack of jurisdiction on the basis that he had failed to exhaust his remedy before DOL. IAF, Tab 8. In response, the appellant repeated, inter alia, that he was challenging the questionnaire as prejudicing preference eligibles, and he pointed out that he had named OPM as a party. IAF, Tab 9.

¶4 The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1, 4. She found that, although directed to do so, the appellant failed to establish that he had exhausted his remedy before DOL. ID at 3‑4.

¶5 On petition for review, the appellant again claims that the agency's questionnaire discriminates against veterans and that the agency developed the process, in conjunction with OPM's authority, over the competitive hiring process. Petition for Review (PFR) File, Tab 1 at 5-6. In response, the agency argues that the petition for review provides no basis to disturb the initial decision. PFR File, Tab 3 at 7.

¶6 To establish jurisdiction over a VEOA appeal, an appellant must, among other things, prove that he exhausted his administrative remedy before DOL. *Downs v. Department of Veterans Affairs*, 110 M.S.P.R. 139, ¶ 7 (2008). The appellant has not challenged the administrative judge's finding that he failed to prove exhaustion. Accordingly, we agree that his VEOA appeal was properly dismissed for lack of jurisdiction.[2]

¶7 As noted, however, the appellant argued below that the agency's questionnaire did not fairly assess his prior experience because it was not experience in the Federal Government but rather military experience, and that

---

[2] The appellant is not precluded from filing a new Board appeal on his VEOA claim if he cures the jurisdictional defect underlying the dismissal of the instant appeal by submitting evidence in his new appeal showing that exhaustion has now been completed. *See Brown v. Department of the Navy*, 102 M.S.P.R. 377, ¶ 14 (2006).

OPM, as the agency charged with overseeing the Federal hiring process, failed to monitor the agency's action, to the appellant's detriment.  IAF, Tabs 1, 7, 9.  We construe the appellant's claim as an employment practices appeal, challenging the manner in which the vacancy announcement measures applicants' experience. *See Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶ 19 (2008) (explaining that the Board construes pro se pleadings liberally).

¶8        An applicant for employment who believes that an employment practice applied to him by OPM violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board.   5 C.F.R. § 300.104(a).   The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met:  first, the appeal must concern an employment practice that OPM is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103.  *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008).

¶9        The term "employment practices," which includes the development and use of examinations, qualifications, standards, tests, and other measurement instruments, 5 C.F.R. § 300.101, is to be construed broadly.  *Dowd v. United States*, 713 F.2d 720, 723-24 (Fed. Cir. 1983).  Although an individual agency action or decision that is not a rule or practice of some kind does not qualify as an employment practice, an agency's misapplication of a valid OPM requirement may constitute an employment practice.  *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998).

¶10       As stated previously, the second jurisdictional prong is a nonfrivolous allegation that the employment practice violated a basic requirement for employment practices set forth in 5 C.F.R. § 300.103.  That regulation requires that employment practices be based on a "job analysis to identify:  (1) The basic duties and responsibilities; (2) The knowledges, skills, and abilities required to

perform the duties and responsibilities; and (3) The factors that are important in evaluating candidates." 5 C.F.R. § 300.103(a). There also must be a "rational relationship between performance in the position to be filled . . . and the employment practice used." 5 C.F.R. § 300.103(b)(1). And, an employment practice must not discriminate on the basis of, inter alia, any nonmerit‑based factor. 5 C.F.R. § 300.103(c).

¶11     In seeking to include OPM as a party to this action, the appellant asserted that OPM oversees the competitive hiring practice, suggesting that other agencies who advertise for Criminal Investigators also measure applicants' experience in a way that prejudices veterans. IAF, Tab 1 at 5, Tab 7. As such, the appellant has alleged, but not established, OPM involvement in the agency's hiring practice that arguably violates one of the "basic requirements" set forth at 5 C.F.R. § 300.103.

¶12     The appellant raised this claim below, but the administrative judge failed to notify him of his jurisdictional burden over such a claim. IAF, Tabs 2, 4‑5. As with any other basis for jurisdiction, when an appellant raises an employment practices claim, an administrative judge must inform him with specificity of his burden of proving his claim, his burden of going forward with the evidence, and the types of evidence necessary to make a nonfrivolous allegation. *Parker v. Department of Housing & Urban Development*, 106 M.S.P.R. 329, ¶ 7 (2007). Moreover, neither the agency's filings nor the initial decision notified the appellant of what is required to establish jurisdiction over his claim. *Id*., ¶ 8.

Therefore, this case must be remanded.[3]  *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 21 (2011).

## ORDER

¶13      For the reasons discussed above, we remand this case to the field office for further adjudication of the appellant's employment practices claim in accordance with this Remand Order.[4]

FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.

---

[3] In his petition for review, the appellant refers to 5 U.S.C. § 1204(f)(1)(B), which provides that the Board has original jurisdiction to review rules and regulations issued by OPM, and he cites *Jones v. Office of Personnel Management*, 107 M.S.P.R. 115 (2007), wherein the Board denied an appellant's request for such review.  PFR File, Tab 1 at 7.  The appellant has not explained the statutory reference and the only regulation he has cited is 29 C.F.R. § 1607.14(B)(2)2), a regulation promulgated not by OPM, but rather by the Equal Employment Opportunity Commission, that deals with Technical Standards for Validity Studies.  Under the circumstances, we find that the appellant is not attempting to file a petition for regulation review and that his assertions are more properly considered in the nature of an employment practices claim.

[4] The appellant learned the results of his application on December 10, 2015, IAF, Tab 1 at 7-8, and filed his Board appeal on January 9, 2016, *id.* at 1.  Therefore, his appeal was timely filed.  5 C.F.R. § 1201.22(b).